**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NILDA RODRIGUEZ, | CIVIL ACTION NO. 16-8898 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES, District Judge**

**IT APPEARING THAT:**

**1.** Nilda Rodriguez filed a complaint in this Court in order to seek review of the final decision (hereinafter, "the Decision") of an administrative law judge (hereinafter, "the ALJ") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner"), dated January 13, 2015, which denied her application for supplemental security income. (See dkt. 1; dkt. 12-2 at 48–59.)[1] See also 42 U.S.C. § 405(g); L.Civ.R. 9.1.

**2.** The attorney who represented Rodriguez at the underlying ALJ hearing is also representing Rodriguez here. (See dkt. 12-2 at 48 (mentioning the attorney who

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

represented Rodriguez at the hearing); see dkt. 1 at 1 (listing the same attorney on Rodriguez's federal complaint).)

3. The Commissioner now moves to dismiss Rodriguez's federal complaint for being untimely. (See dkt. 15; dkt. 15-1; dkt. 16; dkt. 16-1.) Rodriguez's attorney timely opposed the motion. (See dkt. 17; dkt. 18.) For the following reasons, the Court: (a) denies the motion; and (b) sets forth a revised briefing schedule.

4. The Appeals Council declined to review the Decision, and mailed a notice to Rodriguez and Rodriguez's attorney on July 25, 2016 (hereinafter, "the July 2016 Denial"). (See dkt. 12-2 at 20–24.) Thus, Rodriguez's attorney should have filed a federal complaint to seek review of the Decision by September 28, 2016. See 42 U.S.C. § 405(g) (requiring an aggrieved claimant for Social Security benefits to seek federal review within sixty days of the receipt of a Denial by the Appeals Council); 20 C.F.R. § 422.210(c) (presuming that such a Denial will be received by the claimant within five days of its date of issuance).[2]

5. Eight days before the deadline to file the federal complaint, i.e., on September 20, 2016, Rodriguez's attorney sent a request to the Appeals Council to either: (a) reopen the review of the Decision, or (b) extend the time to file a federal complaint if the request to reopen was not granted. (See dkt. 12-2 at 10–15.) Rodriguez's attorney

---

[2] The Commissioner calculated Rodriguez's date to file a federal complaint to have been September 29, 2016. (See dkt. 16 at 4 n.2.) However, the difference between this Court's calculation and the Commissioner's calculation will be of no moment.

did not file a federal complaint by September 28, 2016, and there is no indication in the record that Rodriguez's attorney was personally assured by anyone in this instance that an extension would be granted if the Appeals Council were to decline to reopen the review of the Decision.

6. On November 4, 2016, the Appeals Council declined to reopen the review of the Decision on the ground that no arguments had been raised in support of the request that had not been previously considered by the ALJ. In addition, the Appeals Council declined to extend the time to file a federal complaint. (See dkt. 12-2 at 16–17.)

7. On November 30, 2016 — two months after September 28, 2016 — Rodriguez's attorney filed a federal complaint. (See dkt. 1.)

8. In response to the federal complaint, the Commissioner filed a complete Administrative Record on March 16, 2017. (See dkt. 12 through dkt. 12-9.) On that same day, this Court issued a Scheduling Order for the prosecution of this case. (See dkt. 13.) Rodriguez's attorney then filed a statement of the primary contentions or arguments for relief on March 28, 2017, which was two days before the deadline set by this Court in the Scheduling Order. See L.Civ.R. 9.1(d)(1). (See dkt. 14.)

9. The Commissioner did not move to dismiss this case until April 19, 2017. (See dkt. 15.)

10. In response to the Commissioner's motion to dismiss, Rodriguez's attorney does not deny that she received the July 2016 Denial in a timely manner. However, Rodriguez's attorney contends that she "has never been denied a request to extend time to file an action in U.S. District Court and has been granted such request on all prior

occasions it was requested." (Dkt. 18 at 3.) Thus, she assumed that the Appeals Council would extend her time to file a federal complaint on behalf of Rodriguez if the request to reopen was denied. (See id. at 3–4.)

**11.** This Court possesses the equitable discretion to toll the time to file the federal complaint in this action. See Bowen v. City of New York, 476 U.S. 467, 478–80 (1986). This Court will exercise that discretion, because Rodriguez's attorney indeed attempted to preserve Rodriguez's rights by submitting a request to the Appeals Council to extend the time to file a federal complaint, in the event that the request to reopen the review of the Decision was denied, before September 28, 2016. In addition, in light of the nature of Rodriguez's claims, of her alleged disabilities, and of her financial situation, this Court will exercise the discretion to toll the time to file the federal complaint, because "it is neither necessary nor proper to visit the sins of the attorney upon [her] blameless client." Szemple v. Univ. of Med. & Dentistry of N.J., 162 F.Supp.3d 423, 429 (D.N.J. 2016) (quotation marks, internal alterations, and citations omitted).[3] Thus, the Commissioner's motion to dismiss is denied.

**12.** However, this Court advises Rodriguez's attorney that it would be prudent to no longer assume that the Appeals Council will grant a request to extend the time to file a federal compliant, even if that request is filed before the sixty-day period expires. This Court also hereby advises Rodriguez's attorney to strictly abide by this Court's forthcoming briefing schedule. For good cause appearing:

---

[3] This Court previously concluded that Rodriguez's financial situation entitled her to *in forma pauperis* relief. (See dkt. 2.)

**IT IS THEREFORE** on this ____18th____ day of May, 2017, **ORDERED** that the defendant's motion to dismiss **(dkt. 15)** is **DENIED**; and it is further

**ORDERED** that pursuant to Local Civil Rule 9.1(d)(2), the Social Security Administration will serve and electronically file a response to the plaintiff's statement of the primary contentions or arguments for relief by June 2, 2017; and it is further

**ORDERED** that the Social Security Administration, if failing to abide by the above directive, will be deemed to disagree that the plaintiff is entitled to relief; and it is further

**ORDERED** pursuant to Local Civil Rules 9.1(e)(1) and 9.1(e)(5) that the plaintiff will serve and electronically file a brief by July 5, 2017, that sets forth with specificity, inter alia, **(1)** a statement of the issues presented for review, **(2)** a statement of the case and procedural history, **(3)** a statement of the relevant facts with reference to the administrative record, and **(4)** arguments that must be divided into sections separately treating each issue presented and the reasons therefor; and it is further

**ORDERED** that failure to timely file a brief will result in dismissal of the complaint for lack of prosecution under Federal Rule of Civil Procedure 41(b) without further notice; and it is further

**ORDERED** pursuant to Local Civil Rules 9.1(e)(2) and 9.1(e)(6) that the Social Security Administration will serve and electronically file a responsive brief — which must contain, inter alia, an argument section responding to each of the plaintiff's arguments — within 45 days after the plaintiff files a brief; and it is further

**ORDERED** that the Social Security Administration, if failing to abide by the above directive, will be deemed to have waived the opportunity to respond; and it is further

**ORDERED** pursuant to Local Civil Rule 9.1(e)(3) that the plaintiff may serve and electronically file a reply brief within 15 days after the Social Security Administration files a responsive brief; and it is further

**ORDERED** that the plaintiff, if failing to abide by the above directive, will be deemed to have waived the opportunity to reply; and it is further

**ORDERED** that if a party files a brief that does not conform to the relevant portions of Local Civil Rule 9.1(e)(4) through Local Civil Rule 9.1(e)(6), then that party will be required to submit a new brief that is in compliance, and the time associated with the preparation and filing of a nonconforming brief will not be considered in any application for fees absent good cause; and it is further

**ORDERED** that the parties must send a courtesy copy of their briefs to the Office of the Clerk of the Court, addressed for delivery to the Chambers of District Court Judge Jose L. Linares.

JOSE L. LINARES
United States District Judge